MINUTE ENTRY
WILKINSON, M. J.
MAY 11, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDY SOLOMON | CIVIL ACTION |
| VERSUS | NO. 11-147 |
| TIDY BUILDING SERVICES, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### HEARING AND ORDER ON MOTION

APPEARANCES:   Courtney Wilson, representing plaintiff; George Recile and Patricia Pannell, representing defendants

MOTION:   Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and/or, Alternatively, Rule 56 Motion for Summary Judgment, Record Doc. No. 7

O R D E R E D:

 XXX : DENIED.[1]  A few axiomatic summary judgment principles bear repeating in connection with this motion.[2]  Summary judgment in favor of any party is appropriate

---

[1] I note for the record, as suggested in Withrow v. Roell, 288 F.3d 199 (5th Cir. 2002) and Archie v. Christian, 808 F.2d 1132 (5th Cir. 1987) (en banc), that all parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c) for all purposes, including ruling on this dispositive motion. Record Doc. No. 17.

[2] Although defendant has styled its motion alternatively as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or as a Rule 56 summary judgment motion, the motion is supported by a sworn affidavit and several exhibits outside of the pleadings. Under these circumstances, it is clear that the motion "must be

MJSTAR:  0 : 20

only when "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence[3] showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). Summary judgment may be issued only where "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009). Credibility determinations are factfinder functions that the court cannot undertake on summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); Avdeef v. Rockline Indus., Inc., 404 F. App'x 844, 845 (5th Cir. 2010); Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009), cert. denied, 130 S. Ct. 2343 (2010); Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001); Thomas v. Great Atl. & Pac. Tea Co., 233 F.3d 326, 331 (5th Cir. 2000).

     The sole issue presented in this motion is whether defendant, a corporation with less than 15 employees, and Choice Building Services, L.L.C. ("Choice"), must be considered a single entity or single employer for Title VII purposes in this case. See Garrett-Woodberry v. Mississippi Board of Pharmacy, 2008 WL 4963218 (5th Cir. 11/20/08) (dicta); Lusk v. Foxmeyer Health Corp., 129 F.3d 773 (5th Cir. 1997); Trevino v. Celanese Corp., 701 F.3d 397 (5th Cir. 1983) (summary judgment in favor of defendant reversed and remanded for submission of single employer issue to the factfinder at trial). It is undisputed that Tidy has less than 15 employees, while Choice alone has more than 15 employees, so that the two entities, if treated as one, would have a combined total of more than 15 employees, making Title VII applicable to defendant.

     I find that the competing evidentiary submissions of both sides, coupled with the reasonable inferences that a factfinder might well draw from that evidence, create genuine issues of material fact precluding summary judgment and requiring submission of this issue to the jury at trial. These material fact issues include, but are not limited to: whether common ownership may be inferred from the husband-wife relationship of the sole owners of the two entities, along with the other circumstances, including that the husband and wife may be subject to a community property regime; whether the principal

---

treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

   [3] Defendant's suggestion at oral argument that plaintiff has submitted no evidence in opposition to the motion because her statement, Record Doc. No. 15-3, was not an affidavit, signed before a notary public, is without merit. Plaintiff's signed statement, executed under penalty of perjury, has the same evidentiary "force and effect" as an affidavit. 28 U.S.C. § 1746.

of Tidy exercised centralized control and/or management of employment decisions concerning both Tidy and Choice, including whether the principal of Tidy controlled hiring, firing, paying, or supervising employees of Choice and was involved directly in Choice's routine operational decisions; whether it might be inferred from the husband-wife relationship of the two principals of the involved entities and the other circumstances, including the sexual harassment nature of plaintiff's allegations, that the principal of Choice (the wife) was involved in the alleged constructive discharge of plaintiff from the related company owned and managed by her husband; the extent of the interrelation of facilities, operations and record-keeping of the two entities; whether the testimonial information contained in the affidavit of Mary Bernard, the controller of Tidy, apparently asserting personal knowledge about the origins, ownership, management, personnel, facilities, and employee supervision "in the field" of Choice, Record Doc. No. 7-5 at ¶'s 12, 13 and 16, when she is not employed by Choice, are credible.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE