UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDY SOLOMON | CIVIL ACTION |
| VERSUS | NO. 11-147 |
| TIDY BUILDING SERVICES, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

In this employment discrimination case, plaintiff, Wendy Solomon, alleges that the president of defendant, Tidy Building Services, Inc., sexually harassed her, which ultimately led to her constructive discharge. Defendant filed a Motion for Summary Judgment. Record Doc. No. 23. Plaintiff filed a timely opposition memorandum. Record Doc. No. 25. Because defendant did not move for summary judgment on plaintiff's claim of constructive discharge, Solomon did not address that claim in her opposition. Thus, the court does not address her constructive discharge claim. For the following reasons, IT IS ORDERED that the motion is DENIED.

The summary judgment record does not establish a set of undisputed material facts on which it can be determined as a matter of law that plaintiff will be unable to establish a prima facie case of sexual harassment. To establish a prima facie case of a sexually hostile work environment under Title VII, a plaintiff who, like Solomon, was allegedly harassed by her supervisor must show that "(1) she belongs to a protected class, (2) she was subjected to unwelcome sexual harassment, (3) the harassment was based on sex,

[and] (4) the harassment affected a term, condition, or privilege of employment." Mire v. Tex. Plumbing Supply Co., 286 F. App'x 138, 140 (5th Cir. 2008) (quotation omitted). Defendant argues that Solomon cannot satisfy the fourth prong, which requires her to produce evidence that the harassment was "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (quotation omitted); accord Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005). "Harassment need not be severe and pervasive to impose liability; one or the other will do." Id. at 435 (quotation omitted) (emphasis added).

To determine whether a work environment is hostile or abusive, "courts look at the totality of the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 434 (quotation omitted). "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." Id. (quotation and citations omitted).

In her opposition memorandum, Solomon admits that the multiple comments made to her and the many instances of unwanted touching by the defendant's president over the course of her eight-month employment were not overtly sexual and would not qualify as

severe under Fifth Circuit case law.  "Although none of these individual alleged incidents of harassment may rise to the level of severity we have required," Mire, 286 F. App'x at 142, a plaintiff like Solomon, who provides evidence "that she was subjected to inappropriate sexual comments and unwanted touching" and "that the harassment was constant, occurring on almost a daily basis," can survive summary judgment on the basis that the harassment was pervasive, rather than severe.  Id.

"Needless to say, there is no mathematical formula to determine whether conduct is sufficiently severe or pervasive to establish a hostile-work-environment claim." Donaldson v. CDB Inc., 335 Fed. Appx. 494, *7 (5th Cir. 2009).  "In recent hostile work environment claims based on sex, the Fifth Circuit has reached differing conclusions regarding the requisite 'severity or pervasiveness,' applying the totality of the circumstances test."  Mcquatters v. Aaron's Inc., No. SA-10-CV-967-XR, 2011 WL 4372362, at *2 (W.D. Tex. Sept. 19, 2011) (citing as examples of sufficiently severe or pervasive conduct:  Donaldson v. CDB Inc., 335 F. App'x 494 (5th Cir. 2009); Alaniz v. Zamora-Quezada, 591 F.3d 761 (5th Cir. 2009); Mire, 286 F. App'x at 138; Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473 (5th Cir. 2008)) (additional citations omitted); see also Johnson v. Hosp. Corp., 767 F. Supp. 2d 678, 714 (W.D. La. 2011) (Doherty, J.) ("the Fifth Circuit has found a regular pattern of frequent verbal ridicule or insults sustained over time can constitute severe or pervasive harassment sufficient to violate Title VII") (citing

Walker v. Thompson, 214 F.3d 615, 626 (5th Cir. 2000); Farpella-Crosby v. Horizon Health Care, 97 F.3d 803, 806 (5th Cir. 1996)).

Solomon has produced competent summary judgment evidence of numerous comments by defendant's president regarding her body, clothing and personal habits, as well as comments about other women or himself in her presence; numerous instances when the president touched her without her permission, although the touches were not overtly sexual; and her subjective discomfort with the repeated situations, which she interpreted as having sexual undertones and which continued despite her requests that the president not speak to or touch her in those ways. "Whether her allegations are too vague to ultimately carry the day is a credibility determination, or requires weighing the evidence, both of which are more appropriately done by the trier of fact." Harvill, 433 F.3d at 436 (citing Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000); Torres v. Pisano, 116 F.3d 625, 631 (2d Cir. 1997)); see also Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); Hebert v. Rodriguez, 430 F. App'x 253, 255 (5th Cir. 2011) (quotations omitted) ("The determination of a witness's credibility lies at the core of a jury's factfinding function and is not the province of judges."); Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009)

(quotation omitted) ("Summary judgment is not appropriate when questions about the credibility of key witnesses loom . . . large . . .").

Contrary to defendant's argument, the seven- to eight-month period of alleged harassment in this case may be sufficient to establish pervasiveness. The Fifth Circuit has "never set a minimum time period over which the harassment must occur to be deemed pervasive," and has found that allegations of harassment that occurred over a four- to six-month period were sufficient. Mire, 286 F. App'x at 142 (citations omitted).

Therefore, questions of material fact remain in dispute whether, in the totality of the circumstances that plaintiff described in the excerpts from her deposition attached to defendant's memorandum in support of its motion for summary judgment, Record Doc. No. 23-3, and in her affidavit in opposition to defendant's motion, Record Doc. No. 25-2, the alleged sexual harassment was both objectively and subjectively offensive and was sufficiently pervasive to have altered the terms and conditions of her employment. For all of the foregoing reasons, the motion is DENIED.

New Orleans, Louisiana, this ___29th___ day of November, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE